## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0168-21** |
| | ) GPD REPORT NOS. 21-03730/21-03783 |
| | ) CRIMINAL CASE NO. **CM0349-20** |
| vs. | ) GPD REPORT NO. 20-20073 |
| | ) |
| | ) |
| **WESLEY URIEL GEORGE,** | ) DECISION AND ORDER |
| aka George Wesley, aka Westley George, | ) RE. PEOPLE'S MOTION TO REVOKE |
| aka Wayner Uriel George, aka Bily Wesley, | ) PROBATION AND IMPOSE |
| aka George Westly, aka Wayner George, | ) JAIL SENTENCE |
| DOB: 04/27/1978 or 01/24/1991 or | ) |
| 04/21/1991 or 04/24/1991 or 08/26/1992 | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on March 14, 2025, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Wesley Uriel George ("Defendant" or "Defendant George") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by defense counsels Alternate Assistant Public Defender Peter J. Santos in CM0349-20 and Attorney William B. Brennan for CF0168-21. Assistant Attorney General Valerie E. Nuesa represents the People. Following the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After reviewing the People's Motion and the Defendant's Opposition and considering the oral arguments from the parties, and the applicable

statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

**A.     Defendant's Change of Plea and his violations thereafter.**

On May 26, 2021, Defendant George entered a guilty plea to the following offenses: in CF0168-21, through an Information, Criminal Mischief (As a Third Degree Felony) and Assault (As a Misdemeanor); in CM0349-20, the Second Charge of Disorderly Conduct (As a Petty Misdemeanor). *See Judg. of Conv.* (Aug. 10, 2021). Pursuant to the terms of the Plea Agreement, the Court sentenced Defendant as follows: in CF0168-21, three (3) years of incarceration at the Department of Corrections, all but sixty (60) days suspended, with credit for time served; in CM0349-20, thirty (30) days of incarceration at the Department of Corrections, all suspended, with credit for time served. *Id.*; *Plea Agreement* at ¶8(a), (b)(Aug. 10, 2021). The Court sentenced the Defendant on supervised probation for two (2) years and imposed standard release conditions, also as set forth in the Plea Agreement. Notable conditions of probation include: no contact with the victim; reporting monthly to the Probation Services Division ("Probation"); a fine of one hundred dollars ($100.00) and court costs of eighty dollars ($80.00); one hundred (100) hours of community service; and reporting to the Client Services and Family Counseling Division ("CSFC") for intake and assessment and participation in recommended treatment and counseling. *Id.*

On April 4, 2023, Probation Services Division filed an Informational Report Re: Deferred Probation Status. In the report, Probation Officer Paul C. Vibar expressed his concern that Defendant had not completed his conditions of probation, which was set to expire on May 25, 2023. *Info. Report Re: Deferred Probation Status* (Apr. 4, 2023). Officer Vibar requested a hearing in order to address the Defendant's failure to complete conditions and further notified

the Court that Defendant was being held in a new case, Criminal Case No. CF169-23, on Five Thousand Dollars ($5,000.00) cash bail. *Id.[1]*

On May 2, 2023, the Court held a Further Proceedings hearing during which the Court admonished Defendant to complete his outstanding conditions, and extended his term of probation by one year, to expire on May 25, 2024. *Min. Entry* (May 2, 2023). Unfortunately, on October 5, 2023, Probation filed another Informational Report, indicating that the Defendant was being held on Five Thousand Dollars ($5,000.00) cash bail in yet another new case, Criminal Case No. CF0625-23. *See Informational Report Re. New Arrest* (Oct. 5, 2023).

On November 6, 2023, Probation filed a First Violation Report against the Defendant for the following violations: failure to report to probation monthly, last reporting on July 7, 2023; and failure to make progress on his fines, court costs, and community service hours. *See First Vio. Rpt.* (Nov. 6, 2023).

On November 7, 2023, the Court held a Further Proceedings. Defendant George was not present. *Min. Entry* (Nov. 7, 2023). The Court was notified that the Defendant refused to come to court. *Id.* The Court indicated that the Defendant's probation is set to expire in 2025, and a Revocation Hearing would be forthcoming. *Id*

On May 13, 2024, the Court held a Revocation Hearing. At this hearing, the Court noted that the People's Motion had not been filed and ordered that a Motion be filed within ten (10) days. *Min. Entry* (May 13, 2024). The Court noted further that, if the People failed to file the Motion, the Court would be inclined to extend Defendant's probation term. *Id.*

---

[1] On September 17, 2024, Defendant entered into a Global Plea Agreement to resolve CF0169-23 with CF0625-23. See, *Global Plea Agreement* (Sept. 17, 2024). Pursuant to the Plea Agreement, Defendant was sentenced to Five (5) years of incarceration, with all but three (3) years suspended. *Id.* at ¶5(a)-(e); *Judgment of Conviction (Plea Agreement)*(Sept. 17, 2024); *Amended Judgment of Conviction (Plea Agreement)* (May 5, 2025).

On May 16, 2024, the People filed the Motion arguing that revocation is warranted due to the Defendant's failure to complete his conditions and failure to avail himself of treatment and counseling. *Ppl.'s Mot.* at 5. On June 4, 2024, Defendant George filed his Opposition, stating that he faces significant jail time in his other cases, and his ability to complete conditions have been affected by his confinement in those cases. *Deft.'s Opp..* at 2. The Defendant requests that an informational report be filed detailing his confinement credit in his other cases – if the Court were to revoke his probation, he requests that his sentence run concurrent with his other sentences. *Id.* at 2-3.

The Court held a Revocation Hearing on June 14, 2024. At the hearing, Defendant George argued that he was not given a real second chance at completing his probation, especially since he has been held in his other cases – thus, the Court's extension of his probation was defeated. *Min. Entry* (Jun. 14, 2024). The Defendant stated that he is still a good candidate for probation and should be given an opportunity to wrap his other matters together for resolution. *Id.* The Court noted that the issuing of a summons would toll Defendant's probation and that the Court would hold the People's Motion in abeyance. *Id.*

On August 30, 2024, the Court held a Further Proceedings. At the hearing, the Court addressed the People's Motion and the Defendant's Opposition, further noting his outstanding conditions. *Min. Entry* (Aug. 30. 2024). The Defendant indicated that his other case, CF0625-23, was most concerning in regards to revocation in this matter because he faces significant imprisonment time in that case. *Id.* The Defendant further indicated that regardless of whether he is revoked in this matter, he would still be held. *Id.* The Defendant requested that if he is to be revoked in this matter, that his sentence would run concurrent with his other matters. *Id.* The

Court would continue the hearing for another revocation hearing on this issue of a possible concurrent sentence. *Id.*

On November 18, 2024, the Court held a continued Revocation Hearing. At the hearing, the Court noted his outstanding conditions and his accrued confinement credit of two hundred fifty (250) days. *Min. Entry* (Nov. 18, 2024). The Defendant renewed his request to have his sentence in this matter run concurrent with his other matters if revoked, and to also retroactively include with his confinement credit his confinement from May 2024 to October 2024. *Id.* The Court indicated that it will continue the revocation hearing to continue credit while his other cases continue to develop toward resolution. *Id.*

On March 14, 2025, the Court held a continued Revocation Hearing. At the hearing, the Defendant renewed his request to have his sentence run concurrent with his other cases if revoked. *Min. Entry* (Mar. 14, 2025). The Defendant also requested for the Court to consider a sentence less than the three (3) years of imprisonment as expressed in the Judgment. *Id.* The People opposed any sentence less than the three (3) years since it was part of the his guilty plea and requested the Court to revoke Defendant's probation and sentence him to the maximum three (3) years. *Id.*

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**A.      The Court determines that a violation of probation has occurred.**

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred. Probation has filed one (1) violation report against the Defendant for the following violations: (1) failure in reporting to Probation as ordered, (2) failure in reporting to CSFC for intake and assessment, and (3) making progress toward paying fines and court costs. For these reasons, the Court determines that the first *Camacho* prong is satisfied. It is noteworthy to mention that the single violation was filed because Defendant had remained in custody of the Department of Corrections on the later cases, the crimes for which he was

subsequently convicted. Consequently, no additional violations occurred while he was in custody of the Department of Corrections.

**B.    The Court determines that revocation of probation is warranted under the second *Camacho* prong.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). The record is clear that the Defendant has failed to comply with the conditions set by this Court despite having sufficient opportunity to complete his conditions. Moreover, during the term of his probation in this case, while also serving probation in earlier cases, the Defendant was arrested twice more for new felony offenses, which he subsequently pled guilty to and was convicted and sentenced. See, *supra.*

Moreover, the Defendant's argument that he was never given an opportunity to complete his conditions of probation because he was detained in the new cases as well in other pre-existing cases ignores the fact that the missed opportunity is attributable only to his own actions and to his own failure.

**CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. The Court shall issue a Judgment of Revocation on separate cover imposing a sentence of THREE (3) YEARS of incarceration for **CF0168-21** and THIRTY (30) DAYS for **CM0349-20**, *to run concurrent to each other*, and with credit for time already served.

Additionally, the sentence imposed herein ***shall run concurrent*** to any sentence imposed for any other convictions, including his term of incarceration in CF0625-23 and CF0169-23.

Defendant **shall not** serve a term of parole in CF0168-21 and CM0349-20 following his release from incarceration.

SO ORDERED this 11th day of June, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e-mailed to
_AG, Arriola,_
_APD_
Date _6/11/25_ Time: _4:03pm_
_Albert Colch_
Deputy clerk, Superior Court of Guam